Presentment Date:   12/3/2013 at 12:00 Noon
Objection Deadline:   12/3/2013 at 11:00 a.m.

Richard K. Milin
DICONZA TRAURIG LLP
630 Third Avenue, 7th Floor
New York, New York 10017
Tel:  (212) 682-4942
Fax:  (212) 682-4942
rmilin@dtlawgroup.com

Proposed Conflicts Counsel for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                       :
In re:                                                 :      Chapter 11
                                                       :
INTERNATIONAL FOREIGN EXCHANGE                         :      Case No. 13-13379 (REG)
CONCEPTS HOLDINGS, INC., *et al.*,                     :      Jointly Administered
                                                       :
                                  Debtors.             :
                                                       :
-----------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION FOR AN ORDER
AUTHORIZING DEBTORS INTERNATIONAL FOREIGN
EXCHANGE CONCEPTS HOLDINGS, INC., INTERNATIONAL
FOREIGN EXCHANGE CONCEPTS, L.P. AND FX CONCEPTS, LLC
TO RETAIN AND EMPLOY DICONZA TRAURIG
LLP, *NUNC PRO TUNC*, AS THEIR CONFLICTS COUNSEL**

PLEASE TAKE NOTICE that International Foreign Exchange Concepts

Holdings, Inc. ("**IFEC**"), International Foreign Exchange Concepts, L.P. ("**IFEC LP**"), and FX

Concepts, LLC ("**FXC**," and together with IFEC and IFEC LP, the "**Debtors**"), debtors and

debtors in possession, filed the annexed application pursuant to section 327(a) of Title 11 of the

United States Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**") for authorization to retain and employ DiConza Traurig LLP

("**DiConza Traurig**"), *nunc pro tunc* to November 11, 2013, as their conflicts counsel (the

"**Application**").

PLEASE TAKE FURTHER NOTICE that the Application will be presented

before the Honorable Robert E. Gerber, United States Bankruptcy Judge, United States

Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 on December 3,

2013 at 12:00 Noon (prevailing Eastern Time) (the "**Presentment Date**").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

Application must be in writing and conform to the Case Management Order #1 [Docket No. 19],

the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York;

must be filed with the Clerk of the Bankruptcy Court, One Bowling Green, Fifth Floor, New

York, New York 10004-1408; and must be served upon (i) proposed conflicts counsel for the

Debtors, DiConza Traurig LLP, 630 Third Avenue, New York, New York 10017, Attn: Richard

K. Milin, Esq., (ii) counsel to the Debtors, Finn Dixon & Herling LLP, 177 Broad Street,

Stamford, CT 06901, Attn: Henry P. Baer, Jr., Esq., (iii) counsel to AMF-FXC Finance, LLC,

Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Michael L.

Cook, Esq., and Christopher Harrison, Esq., and (iv) the Office of the United States Trustee, U.S.

Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Andrea B.

Schwartz, Esq., so as to be received by the foregoing parties on or before 11:00 a.m. (prevailing

Eastern Time) on the Presentment Date.

PLEASE TAKE FURTHER NOTICE that unless a timely objection is filed and

received, the Bankruptcy Court may approve the Application on the Presentment Date without a

hearing.  In the event that an objection is filed, a hearing will be scheduled to consider the

Application and the objection(s) which the objecting parties will be required to attend and failure

to appear may result in relief being granted or denied upon default.

Dated: New York, New York
       November 22, 2013

                                        DICONZA TRAURIG LLP


                           By:    /s/ Richard K. Milin
                                  Richard K. Milin
                                  630 Third Avenue, 7th Floor
                                  New York, New York 10017
                                  Tel:  (212) 682-4940
                                  Fax:  (212) 682-4942

                                  Proposed Conflicts Counsel for Debtors and
                                  Debtors in Possession

Richard K. Milin
DICONZA TRAURIG LLP
630 Third Avenue, 7th Floor
New York, New York 10017
Tel:  (212) 682-4940
Fax:  (212) 682-4942
Email: rmilin@dtlawgroup.com

Proposed Conflicts Counsel for Debtors and Debtors in
Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
                                                          :
In re:                                                    :          Chapter 11
                                                          :
INTERNATIONAL FOREIGN EXCHANGE                            :          Case Nos. 13-13379 (REG)
CONCEPTS HOLDINGS, INC., *et al.*,                        :          Jointly Administered
                                                          :
                              Debtors.                    :
                                                          :
-----------------------------------------------------------------------x

## APPLICATION FOR AN ORDER AUTHORIZING DEBTORS INTERNATIONAL FOREIGN EXCHANGE CONCEPTS HOLDINGS, INC., INTERNATIONAL FOREIGN EXCHANGE CONCEPTS, L.P. AND FX CONCEPTS, LLC TO RETAIN AND EMPLOY DICONZA TRAURIG LLP, *NUNC PRO TUNC*, AS THEIR CONFLICTS COUNSEL

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

International Foreign Exchange Concepts Holdings, Inc. ("**IFEC**"), International

Foreign Exchange Concepts, L.P. ("**IFEC LP**"), and FX Concepts, LLC ("**FXC**," and together

with IFEC and IFEC LP, the "**Debtors**"), as debtors and debtors-in-possession, hereby file this

application pursuant to Section 327(a) of Title 11 of the United States Code (the "**Bankruptcy**

**Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") for authorization to retain and employ DiConza Traurig LLP ("**DiConza**

**Traurig**"), *nunc pro tunc* to November 11, 2013, as their conflicts counsel (the "**Application**"),

and in support thereof respectfully represent as follows:

## JURISDICTION

1.        The Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of

this case is proper in this district pursuant to 28 U.S.C. § 1408.  The relief requested herein is

authorized by 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

2.        The Debtors have retained Finn Dixon & Herling LLP ("**Finn Dixon**") as

their primary bankruptcy counsel pursuant to an Order of this Court entered on November 15,

2013.  For reasons stated in the First Supplemental Declaration of Henry P. Baer, Jr., dated

November 4, 2013 [Docket No. 43], however, Finn Dixon has determined that it cannot or may

not appropriately be able to represent the Debtors with respect to certain matters concerning

Inspiration Biopharmaceuticals, Inc. and John Taylor, the Debtors' founder and CEO.

## RETENTION OF DICONZA TRAURIG LLP

3.        The Debtors respectfully submit this Application for authority to retain

and employ DiConza Traurig as their conflicts counsel, *nunc pro tunc* to November 11, 2013,

pursuant to section 327(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal

Rules of Bankruptcy Procedure.  The Debtors seek to employ DiConza Traurig to provide legal

services relating to matters that may not appropriately be handled by Finn Dixon due to actual or

potential conflict of interest issues that may arise during the course of these Chapter 11 cases,

including certain matters involving John Taylor and Inspiration Biopharmaceuticals, Inc. (the

"**Conflicts Matters**").  In support of this Application, the Debtors submit the Declaration of

Richard K. Milin, of counsel to DiConza Traurig, annexed hereto as Exhibit A (the "**DiConza**

**Traurig Declaration**").  The Debtors also submit a proposed order approving the retention and

employment of DiConza Traurig which is annexed hereto as Exhibit B.

2

4.      DiConza Traurig is well suited to represent the Debtors as conflicts counsel. DiConza Traurig is a six-lawyer firm that staffs its matters in a "lean" manner at competitive rates. Its lawyers have extensive experience in handling and litigating bankruptcy and commercial matters, including investigations and claims against debtors' insiders. DiConza Traurig has been briefed concerning, and is familiar with, the issues with which the Debtors will require assistance. Also, the Debtors, Finn Dixon and DiConza Traurig are mindful of the need to avoid duplication of services and will implement appropriate procedures to that end. Accordingly, the Debtors believe that it will be most efficient and in the best interests of their estates to retain DiConza Traurig as their conflicts counsel.

5.      The DiConza Traurig firm is devoted almost exclusively to the practice of bankruptcy law, insolvency law and commercial litigation. DiConza Traurig's lawyers all have extensive experience in handling bankruptcy issues:  Allen Kadish was a shareholder in the Business Reorganization and Financial Restructuring Group at Greenberg Traurig LLP, and Messrs. Gerard DiConza, Jeffrey Traurig and Richard Milin are all alumni of, among other firms, the bankruptcy boutique Togut, Segal & Segal LLP, where they served as conflicts counsel in several large corporate bankruptcies. Also, four of DiConza Traurig's lawyers began their careers as law clerks for bankruptcy judges, and Mr. Milin clerked for the U.S. Court of Appeals for the Fifth Circuit. The maximum billing rate for DiConza Traurig's attorneys is currently $575 per hour.

6.      DiConza Traurig's lawyers, taking into account their experience at other firms, have represented Chapter 11 debtors as general, conflicts or co-counsel in numerous cases, including *In re Motors Liquidation Company, f/k/a General Motors Corp.*, *et al.*, Case No. 09-50026 (REG); *In re Old Carco LLC (f/k/a Chrysler LLC)*, *et al.*, Case No. 09-50002 (AJG); *In re Diet Channel Network, Inc.*, Case No. 08-10396 (MG); *In re Broad Street Advisors, LLC*, Case

3

No. 08-14910 (BRL); *In re SKM Gourmet Products, Ltd.*, Case No. 07-10566 (REG); *In re Galvex Capital LLC, et al.*, Case No. 06-10082 (RDD); *In re Delphi Corp., et al.*, Case No. 05-44481 (RDD); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG); *In re Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, et al.*, Case No. 05-14945 (ASH); *In re Tower Automotive, Inc.*, Case No. 05-10578 (ALG); *In re SK Global America, Inc.*, Case No. 03-14625 (RDD); *In re Allegiance Telecom, Inc.*, Case No. 03-13057 (RDD); and *In re Ames Department Stores*, Case No. 01-42217 (REG).

7.      Richard Milin will be the principal lawyer at DiConza Traurig representing the Debtors in this case.  Mr. Milin has been litigating complex, multi-million dollar commercial disputes in the state, federal and bankruptcy courts for twenty-five years.  Before joining DiConza Traurig, Mr. Milin spent a decade as the lead litigation counsel at Togut, Segal & Segal, where he represented the bankruptcy estates of Ambac Financial Group, Enron, General Motors, Tower Automotive and Delphi Corporation as conflicts counsel; the bankruptcy trustees for Anthracite Capital, Ellen Tracy LLC, Refco LLC and GSC Group; the future claims representative in the Quigley asbestos bankruptcy; the court-appointed valuation expert in Calpine; the Creditors Committee in American Airlines and the official Committee of Retirees in Nortel.  Before Togut, Segal & Segal, Mr. Milin practiced as a commercial litigator for almost fifteen years at Sullivan & Cromwell LLP, Kramer Levin Naftalis & Frankel LLP and other major New York firms, where he handled all aspects of litigation from discovery and motion practice through mediation, arbitration, trial and appeal.

8.      Mr. Milin has extensive experience in investigating and, when necessary, pursuing debtors' potential claims against officers, directors and others who played significant roles in managing debtors before their bankruptcy filings.  Most recently, Mr. Milin worked with Jones Day in litigating claims against the managers of Anthracite Capital Inc. and litigated

4

claims against the acquirers and managers of Ellen Tracy LLC.  Both cases yielded substantial, multi-million dollar settlements.  Mr. Milin also conducted an investigation of alleged misconduct in coordination with the U.S. Trustee's office for the estate of Delphi Corporation.

9.      The Debtors have been informed that Mr. Milin is a member in good standing of the Bars of the State of New York and the Commonwealth of Massachusetts and that he is admitted to practice in the Supreme Court of the United States, the U.S. Court of Appeals for the Second Circuit, the U.S. District Courts for the Southern and Eastern Districts of New York and the U.S. District Court for the Eastern District of Michigan.

10.     The Debtors believe that DiConza Traurig is well qualified to provide the services the Debtors seek from their conflicts counsel, including, without limitation:

a)   Advising the Debtors concerning, and assisting in the negotiation, litigation and resolution of, Conflicts Matters relating to claims against insiders for sums due and owing, and any other potential Conflicts Matters involving insiders;

b)   Advising the Debtors concerning protection of their interests in Inspiration Biopharmaceuticals, Inc.;

c)   Advising the Debtors concerning, and taking appropriate actions with respect to, additional Conflicts Matters;

d)   Conducting discovery and Bankruptcy Rule 2004 examinations, as the Debtors and the Court may deem appropriate, to investigate Conflicts Matters;

e)   Advising concerning, and commencing or responding to court proceedings as the Debtors may deem appropriate, in connection with Conflicts Matters; and

5

f)   Performing all other legal services for and on behalf of the Debtors,
and at their request, which may be necessary or appropriate in
connection with Conflicts Matters.

### COMPENSATION

11.     The Debtors have agreed to compensate DiConza Traurig at its standard
and customary rates for its professional services in connection with this proceeding.

12.     Richard Milin will be the primary attorney providing services to the
Debtors; his current hourly rate is $550 per hour.  The current hourly rates of the other attorneys
at DiConza Traurig range between $375 and $575 per hour and paralegal/law clerk rates range
between $110 and $195 per hour.

13.     DiConza Traurig has agreed to provide prompt notice to the Debtors, the
U.S. Trustee and any statutory committee appointed in these Chapter 11 cases of any increase in
its hourly rates.

14.     The Debtors believe that DiConza Traurig's standard billing rates are
reasonable and compare very favorably with the rates of firms with comparable experience and
expertise in the local market.  Mr. Milin's billing rate was more than $700 per hour, for example,
before he joined DiConza Traurig.  His rate is now $550 per hour.  The other attorneys at
DiConza Traurig similarly bill at lower rates than are typically charged, particularly by larger
firms, for attorneys of comparable ability and experience in the New York market.

15.     DiConza Traurig will seek reimbursement of expenses actually incurred
on behalf of the Debtors consistent with its normal practices.  These expenses and charges may
include, for example, telephone charges, mail and courier charges, hand delivery charges, travel
expenses, computerized research, transcription costs, document processing, photocopying
charges, court charges and other expenses.  DiConza Traurig has informed the Debtors that it

6

will charge for these expenses in amounts that do not exceed its actual costs and within the

guidelines established by the Office of the United States Trustee for the Southern District of New

York.

16.     The Debtors have agreed to compensate DiConza Traurig in accordance

with the firm's expense reimbursement policy, which the Debtors believe to be reasonable and

appropriate.  The application procedures for reimbursement of expenses will be the same as for

compensation for professional services.

17.     The Debtors' compensation of DiConza Traurig will be subject to this

Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases M-389 (Nov. 25, 2009), the U.S. Trustee

Guidelines, this Court's local rules, any order this Court may enter authorizing interim

compensation of professionals and any other orders, rules or procedures of this Court.

## COMPLIANCE WITH THE REQUIREMENT THAT
## COUNSEL BE DISINTERESTED IN THESE PROCEEDINGS

18.     To the best of the Debtors' knowledge, the members of, counsel to and

associates of DiConza Traurig do not have any connection with or interest adverse to the

Debtors, their creditors, or any other party in interest, except as may be set forth in the DiConza

Traurig Declaration.

19.     Based upon the DiConza Traurig Declaration, the Debtors respectfully

submit that DiConza Traurig is a "disinterested person" as that term is defined in section 101(14)

of the Bankruptcy Code.  The Debtors have been informed that DiConza Traurig will conduct an

ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new

7

relevant facts or relationships are discovered, DiConza Traurig will supplement its disclosure to the Court.

### ***NUNC PRO TUNC* RETENTION**

20.     The Debtors required the immediate assistance of DiConza Traurig as of November 11, 2013 to, among other things, begin to review and analyze the facts relevant to certain Conflicts Matters.  Consequently, the Debtors respectfully request that the retention of DiConza Traurig be effective *nunc pro tunc* to November 11, 2013, the date DiConza Traurig began rendering legal services with respect to Conflicts Matters.

### **NOTICE**

21.     Notice of this Application has been provided via e-mail, facsimile, telephone and/or hand delivery, as appropriate, to the United States Trustee, each of the Debtors' 20 largest general unsecured creditors as listed by each of the Debtors, each of the parties who have filed notices of appearance, Asset Management Finance LLC, the United States Attorney General, the Internal Revenue Service and the Securities and Exchange Commission.  The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

22.     The Debtors have made no previous request for the relief sought herein to this or any other Court.

[Concluded on the following page]

8

## <u>CONCLUSION</u>

**WHEREFORE**, the Debtors respectfully request that they be authorized to retain

DiConza Traurig LLP as conflicts counsel in this case on the foregoing terms, effective as of

November 11, 2013, and that the Court enter the proposed order in the form attached as <u>Exhibit</u>

<u>B</u>, together with such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          November 22, 2013

                                    INTERNATIONAL FOREIGN
                                    EXCHANGE CONCEPTS HOLDINGS,
                                    INC.


                                    By: /s/ Michael Meenan
                                        Chief Restructuring Officer


INTERNATIONAL FOREIGN              FX CONCEPTS, LLC
EXCHANGE CONCEPTS L.P.


By: /s/ Michael Meenan              By: /s/ Michael Meenan
    Chief Restructuring Officer         Chief Restructuring Officer

EXHIBIT A

Richard K. Milin
DICONZA TRAURIG LLP
630 Third Avenue, 7th Floor
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Email: rmilin@dtlawgroup.com

Proposed Conflicts Counsel for Debtors and Debtors in
Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                       :

In re:                                    :          Chapter 11
                                         :

INTERNATIONAL FOREIGN EXCHANGE    :          Case Nos. 13-13379 (REG)
CONCEPTS HOLDINGS, INC., *et al.*,        :          Jointly Administered
                                         :

                     Debtors.           :
                                         :
-----------------------------------------------------------------------x

**DECLARATION OF RICHARD K. MILIN IN SUPPPORT OF
APPLICATION FOR AN ORDER AUTHORIZING
DEBTORS INTERNATIONAL FOREIGN EXCHANGE
CONCEPTS HOLDINGS, INC., INTERNATIONAL FOREIGN
EXCHANGE CONCEPTS, L.P. AND FX CONCEPTS, LLC
TO RETAIN AND EMPLOY DICONZA TRAURIG
LLP, *NUNC PRO TUNC*, AS THEIR CONFLICTS COUNSEL**

I, RICHARD K. MILIN, hereby declare as follows:

1.       I am of counsel to the law firm of DiConza Traurig LLP ("**DiConza**

**Traurig**"), located at 630 Third Avenue, Seventh Floor, New York, New York 10017.  I am a

member in good standing of the Bars of the State of New York and the Commonwealth of

Massachusetts and admitted to practice in the Supreme Court of the United States, the U.S. Court

of Appeals for the Second Circuit, the U.S. District Courts for the Southern and Eastern Districts

of New York and the U.S. District Court for the Eastern District of Michigan.

1

2.    I submit this Declaration based upon personal knowledge in support of the application (the "**Application**")[1] of International Foreign Exchange Concepts Holdings, Inc. ("**IFEC**"), International Foreign Exchange Concepts, L.P. ("**IFEC LP**") and FX Concepts, LLC ("**FX**" and, together with IFEC and IFEC LP, the "**Debtors**"), as debtors and debtors-in-possession, to retain DiConza Traurig as their conflicts counsel, *nunc pro tunc* to November 11, 2013, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

I.    Disinterestedness

3.    To the best of my knowledge and belief, based on the conflicts search conducted by DiConza Traurig and except as disclosed herein, neither DiConza Traurig nor any partner, counsel or regular associate of the firm has any connection with the Debtors, their creditors or any other parties in interest, their respective attorneys and accountants, the Bankruptcy Judge in these cases, the United States Trustee or any person employed by the United States Trustee other than through its professional representation of clients in the normal course of its legal practice before the Bankruptcy Court and its work with the Office of the United States Trustee.

4.    DiConza Traurig is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that DiConza Traurig, its partners, counsel and regular associates, except as disclosed herein:

(a)    are not creditors, equity security holders or insiders of the Debtors;

---

[1]    Capitalized terms used but not defined herein have the same meanings given to them in the Application.

(b)     are not and were not, within two years before the date of filing of the Debtors' Chapter 11 cases, directors, officers or employees of the Debtors; and

(c)     do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5.      I am not related, and to the best of my knowledge, no attorney at DiConza Traurig is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

6.      To the best of my knowledge, DiConza Traurig and its attorneys do not represent or have a relationship with any of the creditors, attorneys, accountants or financial consultants involved in these Chapter 11 cases that would adversely affect its representation of the Debtors or their estates.  One or more attorneys of the Firm holds or may hold publicly offered stock of one or more creditors or parties in interest, or affiliates thereof, as part of the attorneys' investment portfolios.  Such stock will be limited, however, to a de minimis amount of the stock of such creditor or party in interest or its affiliates.

7.      DiConza Traurig will periodically review its files during the pendency of these Chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, DiConza Traurig will use its reasonable efforts to identify them and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

8.      To the best of my knowledge, as of the Petition Date, DiConza Traurig was not owed any amounts by the Debtors or their affiliates for legal services rendered prior to the Petition Date.

3

II.    Connections with Parties in Interest

9.    In connection with the Application, DiConza Traurig took the following
actions to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy
Rules, the Local Rules of this Court, and other applicable rules, regulations, and guidelines with
respect to the employment of professionals by a debtor.  Using information available in the
public records or provided by the Debtors, the Firm compiled a list of significant parties in interest
in the Debtors' Chapter 11 cases, including the Debtors, the Debtors' professionals, all parties having
filed a notice of appearance in the Debtors' cases, the three largest shareholders of IFEC, and all of
the Debtors' creditors, including the 20 largest general unsecured creditors listed by each of the
Debtors (collectively, the "**Bankruptcy Parties List**").

10.    I then reviewed the Bankruptcy Parties List and requests to all partners,
counsel and regular associates of DiConza Traurig to review the Bankruptcy Parties List and
advise concerning any connection to any of them.  DiConza Traurig also researched its internal
records to determine any connection to the Bankruptcy Parties List.  Based on the searches
DiConza Traurig and I conducted, to the best of my knowledge, neither I, DiConza Traurig, nor
any member, attorney or regular associate of DiConza Traurig, insofar as I have been able to
ascertain, holds or represents any interest adverse to the Debtors' estates, and has no adverse
relationship with the Debtors, the attorneys for the Debtors, any creditors or any other party in
interest in these cases, or the United States Trustee or any person employed in her office.

11.    DiConza Traurig and certain of its attorneys while at other firms may have
represented, and Diconza Traurig may in the future represent, parties-in-interest of the Debtors in
connection with matters unrelated to the Debtors.  Although DiConza Traurig may in the future
represent parties that are creditors of the Debtors, it will not take on any matters related to the

4

Debtors or these cases for any clients except as legally permitted and in accord with the governing ethical rules.

III.     Services To Be Rendered

12.     The Debtors seek to employ DiConza Traurig as conflicts counsel in their Chapter 11 cases  to provide legal services relating to matters that may not appropriately be handled by Finn Dixon & Herling LLP due to actual or potential conflict of interest issues that may arise during the course of these Chapter 11 cases (the "**Conflicts Matters**").

13.     The Debtors determined to engage DiConza Traurig as conflicts counsel on November 7, 2013.  DiConza Traurig requests that its retention be authorized on a *nunc pro tunc* basis, effective as of November 11, 2013, the date on which DiConza Traurig commenced providing legal services in connection with Conflicts Matters.  DiConza Traurig has not received a retainer from the Debtors.

23.     The Debtors anticipate that DiConza Traurig will render, among others, the following professional services:

a)  Advising the Debtors concerning, and assisting in the negotiation, litigation and resolution of, Conflicts Matters relating to claims against insiders for sums due and owing, and any other potential Conflicts Matters involving insiders;

b)  Advising the Debtors concerning protection of their interests in Inspiration Biopharmaceuticals, Inc.;

c)  Advising the Debtors concerning, and taking appropriate actions with respect to, additional Conflicts Matters;

5

d)  Conducting discovery and Bankruptcy Rule 2004 examinations, as the

Debtors and the Court may deem appropriate, to investigate Conflicts

Matters;

e)  Advising concerning, and commencing or responding to court

proceedings as the Debtors may deem appropriate, in connection with

Conflicts Matters; and

f)  Performing all other legal services for and on behalf of the Debtors,

and at their request, which may be necessary or appropriate in

connection with Conflicts Matters.

IV.    Professional Compensation

14.    I will be the primary attorney providing the services on this engagement;

my current hourly rate is $550 per hour.  The current hourly rates of the other attorneys at

DiConza Traurig range between $375 and $575 per hour and paralegal/law clerk rates range

between $110 and $195 per hour.

15.    DiConza Traurig's hourly rates are subject to periodic change.  DiConza

Traurig has agreed to provide prompt notice to the Debtors, the U.S. Trustee and any statutory

committee appointed in these Chapter 11 cases of any increase in its hourly rates.

16.    It is DiConza Traurig's policy to charge its clients for all other expenses

incurred in connection with the client's case.  The expenses charged to clients include, for

example, telephone charges, mail and courier charges, hand delivery charges, travel expenses,

computerized research, transcription costs, document processing, photocopying charges, court

charges and other expenses.  DiConza Traurig will charge the Debtors for these expenses in a

manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee Guidelines.

17.    No promises have been received by DiConza Traurig, nor by any member, partner, counsel or regular associate of DiConza Traurig, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and as set forth herein.  Neither I, DiConza Traurig, nor any member, partner, counsel or regular associate of DiConza Traurig has any agreement with any other individual or entity to share with such individual or entity any compensation received by DiConza Traurig in connection with these cases or the representation of the Debtors.  Certain members, partners, counsel or regular associates of DiConza Traurig have formed and are sole members of professional corporations or limited liability entities.  Compensation received by DiConza Traurig may be paid to its members, partners, counsel or regular associates or directly to their professional corporations or limited liability entities, pursuant to agreements between such members, partners, counsel or regular associates and DiConza Traurig governing their membership in or affiliation with the firm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:    November 21, 2013
New York, New York

/s/ Richard K. Milin
RICHARD K. MILIN

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
                                       :
In re:                            :         Chapter 11
                                         :
INTERNATIONAL FOREIGN EXCHANGE       :         Case No. 13-13379 (REG)
CONCEPTS HOLDINGS, INC., *et al.*,           :         Jointly Administered
                                         :
                     Debtors.            :
                                         :
-----------------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION AND
## EMPLOYMENT OF DICONZA TRAURIG LLC,
## *NUNC PRO TUNC,* AS CONFLICTS COUNSEL TO THE DEBTORS

         Upon the application (the "**Application**") of International Foreign Exchange

Concepts Holdings, Inc. ("**IFEC**"), International Foreign Exchange Concepts, L.P. ("**IFEC**

**LP**") and FX Concepts, LLC ("**FXC**," and together with IFEC and IFEC LP, the "**Debtors**"),

as debtors and debtors-in-possession, seeking an order pursuant to section 327(a) of Chapter 11

of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and

approving the retention and employment of DiConza Traurig LLP ("**DiConza Traurig**"),

effective as of November 11, 2013, as their conflicts counsel, all as more fully set forth in the

Application; and upon consideration of the Declaration of Richard K. Milin, of counsel to

DiConza Traurig (the "**DiConza Traurig Declaration**"); and the Court being satisfied, based

on the representations made in the Application and the DiConza Traurig Declaration, that said

attorneys represent no interest adverse to the Debtors' estates with respect to the matters upon

which they are to be engaged, that they are "disinterested persons" as that term is defined in

section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code; and that the Debtors' employment of DiConza Traurig is necessary and would be in the

best interests of the Debtors and their estates; and it appearing that adequate and sufficient

notice of the Application has been given; and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT**:

    1.      The Application is GRANTED to the extent provided herein.

    2.      The Debtors are authorized to retain and employ DiConza Traurig as

their attorneys to provide legal services relating to matters that may not be appropriately

handled by Finn Dixon & Herling LLP due to actual or potential conflict of interest issues that

may arise during the course of these Chapter 11 cases (the "**Conflicts Matters**").

    3.      DiConza Traurig is authorized to provide the Debtors with the

professional services described in the Application.  Specifically, but without limitation, DiConza

Traurig may render the following legal services as requested by the Debtors:

    a)  Advising the Debtors concerning, and assisting in the negotiation, litigation and resolution of, Conflicts Matters relating to claims against insiders for sums due and owing, and any other potential Conflicts Matters involving insiders;

    b)  Advising the Debtors concerning protection of their interests in Inspiration Biopharmaceuticals, Inc.;

    c)  Advising the Debtors concerning, and taking appropriate actions with respect to, additional Conflicts Matters;

    d)  Conducting discovery and Bankruptcy Rule 2004 examinations, as the Debtors and the Court may deem appropriate, to investigate Conflicts Matters;

e)  Advising concerning, and commencing or responding to court

proceedings as the Debtors may deem appropriate, in connection with

Conflicts Matters; and

f)  Performing all other legal services for and on behalf of the Debtors,

and at their request, which may be necessary or appropriate in

connection with Conflicts Matters.

4.    To the extent the Application is inconsistent with the terms of this Order,

the terms of this Order shall govern.

5.    DiConza Traurig shall be compensated for fees and reimbursed for

reasonable and necessary expenses, and will file interim and final fee applications for allow-

ance of its compensation and expenses, in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases M-389 (Nov. 25, 2009),

the U.S. Trustee Guidelines, this Court's local rules, any order this Court may enter authorizing

interim compensation of professionals and any other orders, rules or procedures of this Court.

6.    DiConza Traurig shall use its best efforts to avoid any duplication of

services provided by any of the Debtors' other retained professionals in these Chapter 11 cases.

7.    The Debtors are authorized and empowered to take all actions necessary

to implement the relief granted in this Order.

8.    DiConza Traurig shall provide prompt notice to the Debtors, the U.S.

Trustee and any statutory committee appointed in these Chapter 11 cases of any increase in the

hourly rates stated in the DiConza Traurig Declaration.

3

9.      The terms and conditions of this Order shall be immediately effective

and enforceable upon its entry.

10.     Notwithstanding any provision to the contrary in the Application, this

Court shall retain jurisdiction to hear and to determine all matters arising from or related to the

implementation of this Order.

11.     The effective date of the Order shall be November 11, 2013.

Dated:  December __, 2013
            New York, New York           _____

                                                              United States Bankruptcy Judge