Henry P. Baer, Jr.
Tony Miodonka
**FINN DIXON & HERLING LLP**
177 Broad Street
Stamford, Connecticut 06901
Telephone:   (203) 325-5000
Facsimile:   (203) 325-5001
*Counsel to Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL FOREIGN EXCHANGE CONCEPTS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13379 (MKV)<br><br>Jointly Administered<br><br>**Presentment Date and Time: July 1, 2016 at 9:45 a.m. (EST)**<br><br>**Objection Deadline: June 30, 2016 at 4:00 p.m. (EST)** |

**NOTICE OF PRESENTMENT OF FINAL DECREE CLOSING**
**CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, upon the annexed *Motion for Entry of a Final Decree Closing Chapter 11 Cases* (the "**Motion**") filed by International Foreign Exchange Concepts Holdings, Inc. ("**IFEC**"), International Foreign Exchange Concepts, L.P. ("**IFEC LP**"), and FX Concepts LLC ("**FXC**," and together with IFEC and IFEC LP, the "**Debtors**" or the **"Reorganized Debtors"**), the undersigned will present the attached proposed order and final decree to the Honorable Mary Kay Vyskocil, United States Bankruptcy Judge, for signature at the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**"), **on July 1, 2016 at 9:45 am (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that, unless an objection to the relief requested in the Motion, with proof of service, is filed as set forth below, there will not be a hearing, and the proposed order and final decree may be signed.

**PLEASE TAKE FURTHER NOTICE** that any objections to the relief requested in the Motion must: be in writing; conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court; set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the estates or property of the debtors in these cases, the basis for the objection, and the specific grounds, therefor, and include the ECF docket number to which the pleading relates in the upper right hand corner of the caption of the pleading; be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which order and the User's Manual for the Electronic Case Filing System can be found at *http://nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest on a CD, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word-processing format (in either case, with a courtesy hard-copy delivered directly to the Bankruptcy Judge's chambers); and be served upon (i) Finn Dixon & Herling LLP, 177 Broad Street, Stamford, Connecticut 06901, attention: Henry P. Baer, Jr., Esq., (ii) counsel to the Debtors' post-petition lender, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, attention: Michael L. Cook, Esq., and Christopher Harrison, Esq., (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, attention: Andrea Schwartz, and (iv) all parties requesting notice in these Chapter 11 cases pursuant to Rule 2002

of the Federal Rules of Bankruptcy Procedure, so as to be actually received no later than **June 30, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed, the Court will notify the Debtors of the date and time of a hearing on the Motion and the Debtors will notify all other parties entitled to receive notice thereof. Objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: June 9, 2016  
       Stamford, Connecticut

Respectfully Submitted,

/s/ Henry P. Baer, Jr.  
Henry P. Baer, Jr.  
Tony Miodonka  
FINN DIXON & HERLING LLP  
177 Broad Street  
Stamford, CT  06901-2689  
Tel.:  (203) 325-5000  
Fax:  (203) 325-5001

*Counsel to Trustee*

Henry P. Baer, Jr.
Tony Miodonka
**FINN DIXON & HERLING LLP**
177 Broad Street
Stamford, Connecticut 06901
Telephone:    (203) 325-5000
Facsimile:    (203) 325-5001
*Counsel to Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL FOREIGN EXCHANGE CONCEPTS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13379 (MKV)<br><br>Jointly Administered<br><br>**Presentment Date and Time: July 1, 2016 at 9:45 a.m. (EST)**<br><br>**Objection Deadline:  June 30, 2016 at 4:00 p.m. (EST)** |

**DEBTORS' MOTION FOR FINAL DECREE CLOSING
CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

International Foreign Exchange Concepts Holdings, Inc. ("**IFEC**"), International Foreign Exchange Concepts, L.P. ("**IFEC LP**"), and FX Concepts LLC ("**FXC**," and together with IFEC and IFEC LP, the "**Debtors**" or the "**Reorganized Debtors**"), hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), (i) issuing a final decree closing the Debtors' Chapter 11 cases, and (ii) granting such other relief as is appropriate. In support of this Motion, the Debtors respectfully represent and set forth as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.      The bases for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

3.      On October 17, 2013, IFEC and IFEC LP each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and on October 23, 2013, FXC filed its petition for relief under Chapter 11 of the Bankruptcy Code.  As used herein, October 17, 2013 is referred to as the "**Petition Date**."

4.      Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the Affidavit of Robert Savage Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York, sworn to on October 21, 2013 (ECF No. 9).

5.      On December 19, 2013, the Court entered an Order, in accordance with 11 U.S.C. § 502(b)(9) and Fed. R. Bankr. P. 3003(c)(3) Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (ECF No. 144, the "**Bar Date Order**"). Pursuant to the Bar Date Order, the deadline for each person or entity to file a proof of claim in the Debtors' cases was January 31, 2014 and the deadline for governmental entities to file a proof of claim was April 21, 2014 (as applicable, the "**Bar Date**" and together the "**Bar Dates**").

6.      On December 19, 2014, the Debtors filed their First Amended Disclosure Statement with Respect to the First Amended Liquidating Plan of International Foreign Exchange Concepts Holdings, Inc., International Foreign Exchange Concepts, L.P. and FX

2

Concepts, LLC (Docket No. 388) (the "**Disclosure Statement**") and their First Amended Chapter 11 Liquidating Plan of International Foreign Exchange Concepts Holdings, Inc., International Foreign Exchange Concepts, L.P. and FX Concepts, LLC (Docket No. 389) (the "**Plan**").

7. On December 19, 2014, the Court approved the Disclosure Statement (Docket No. 390).

8. On February 3, 2015, the Court confirmed the Plan (Docket No. 423). On March 6, 2015, the Plan went effective.

9. On May 5, 2015, the Court entered orders approving the final fee applications of the five professionals retained in these Chapter 11 cases. The amounts of the fees and expenses of those professionals (through the Effective Date) are set forth in the Closing Report in Chapter 11 Cases annexed as Exhibit B (the "**Closing Report**"), which is being filed pursuant to Rule 3022-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**") contemporaneously herewith.

10. At this time, all claims against the Debtors have been finally resolved. With respect to claims that have been Allowed, distributions have been made to the extent practicable. In accordance with the terms of the Plan, the Liquidating Trustee mailed the distributions in these cases to the holders of Allowed Claims by first class mail, postage pre-paid, to the address of such holder as listed on the Schedules, unless the Liquidating Trustee was notified in writing of a change of address as of the Distribution Record Date. Twelve creditors of the Debtors did not cash their distribution checks (the "**Uncashed Checks**"), totaling $26,288.72 in the aggregate. As set forth in the Plan, these Uncashed Checks reverted to the estate and were distributed to other beneficiaries in accordance of the terms of the Plan. A list of the Uncashed

checks, by payee, claim number, check number, date of check, and amount of check is attached as Exhibit C.

11. There are no contested matters, avoidance actions, or other adversary proceedings pending or that may be commenced against the holders of Allowed Claims again the Debtors. Thus, subject to the Court's review and approval of the Closing Report, the administration of the cases are complete.

12. The Debtors have paid all quarterly fees payable to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee Fees**") for periods through the first quarter of 2016. The Debtors will cause any remaining U.S. Trustee Fees owed for any time period thereafter to be paid within thirty days after the Court has entered an order granting a final decree closing the cases.

## Relief Requested

13. By this Motion, the Debtors seek entry of the Proposed Order (i) closing each of the three chapter 11 cases identified on Schedule 1 to the Proposed Order (collectively, the ("**Administered Cases**"), provided, however that the Court shall retain jurisdiction as is provided in Article XI of the Plan.

## Basis for Relief

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C § 350(a). Bankruptcy Rule 3022, which provides procedural guidelines for closing Chapter 11 cases, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court on its own or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Further, Section 105 of the Bankruptcy Code provides, in

4

relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105.

15. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered: (a) whether the order confirming the plan has become final, (b) whether deposits required by the plan have been distributed, (c) whether the property proposed by the plan to be transferred has been transferred, (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of their property dealt with by the plan, (e) whether the payments under the plan have commenced, and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

16. These factors are used by courts in determining whether bankruptcy cases have been fully administered and should be closed. *See e.g., Ericson v. IDC Servs., Inc. (In re IDC Servs., Inc.)*, No. 97 CIV 3081 (TPG), 1998 WL 547085, at *3 (S.D.N.Y. Aug. 28, 1998) ("the approach that looks to the Advisory Note provides a more complete and flexible standard for determining when to close a chapter 11 case"); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.,* 238 B.R. 531, 541-42 (Bankr. E.D.N.Y. 1999) ("any analysis or enunciation of the standards applicable to the final decree process must, of necessity, be limited largely to hornbooks and the Advisory Committee Note . . . . The factors set forth in the Note are plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case."); *In re Mold Makers, Inc.,* 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (adopting the then-proposed Committee Note). These six factors, however are merely guidelines that aid a court's determination; each of the factors need not be present before a court enters a final decree.

*See Mold Makers,* 124 B.R. at 768-69; *see* also *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

17.     In addition to the factors set forth above, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.,* 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.,* 164 B.R. at 493 (same).

18.     In these cases, there is no doubt that the cases have been fully administered within the meaning of section 350 of the Bankruptcy Code. Specifically: (a) the order confirming the Plan has become final and non-appealable, (b) all payments required to be made by the Debtors pursuant to the Plan have been paid or provided for and (c) the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

19.     In addition, as of the date of this Motion, the Debtors have no remaining motions, contested matters or adversary proceedings by or against them pending before this Court.

20.     In light of the foregoing, there is ample support for closing the cases at this time. Moreover, the relief requested is consistent with Section 5.9 of the Plan, which provides for case closing after all claims and matters are finally resolved. Accordingly, the Debtors seek entry of a final decree closing the cases without prejudice to the right of any party in interest to seek to reopen any of the cases for cause.

**Closing Report**

21. In accordance with the requirements of Local Rule 3022-1, annexed as Exhibit B is a copy of the Closing Report, which describes, among other things, (i) the fees and expenses awarded to the Debtors' attorneys and other professional who rendered services in these chapter 11 cases, for the period from case inception to the Effective Date, and (ii) the distributions made under the Plan to prepetition creditors of Debtors.

**Notice**

22. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York, and (b) all creditors holding Allowed claims against the Debtors (including payees of Uncashed Checks, at their record addresses). In light of the nature of the relief requested, Debtors submit that no further notice is necessary.

| | |
|---|---|
| Dated: June 9, 2016<br>Stamford, Connecticut | Respectfully Submitted,<br><br>/s/ Henry P. Baer, Jr.<br>Henry P. Baer, Jr.<br>Tony Miodonka<br>FINN DIXON & HERLING LLP<br>177 Broad Street<br>Stamford, CT  06901-2689<br>Tel.:  (203) 325-5000<br>Fax:  (203) 325-5001<br><br>*Counsel to Trustee* |

**EXHIBIT A**

Henry P. Baer, Jr.
Tony Miodonka
**FINN DIXON & HERLING LLP**
177 Broad Street
Stamford, Connecticut  06901
Telephone:    (203) 325-5000
Facsimile:     (203) 325-5001
*Counsel to Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL FOREIGN EXCHANGE CONCEPTS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13379 (MKV)<br><br>Jointly Administered<br><br>**Presentment Date and Time: July 1, 2016 at 9:45 a.m. (EST)**<br><br>**Objection Deadline: June 30, 2016  at 4:00 p.m. (EST)** |

# FINAL DECREE CLOSING CHAPTER 11 CASES

Upon the motion of International Foreign Exchange Concepts Holdings, Inc. ("**IFEC**"), International Foreign Exchange Concepts, L.P. ("**IFEC LP**"), and FX Concepts LLC ("**FXC**," and together with IFEC and IFEC LP, the "**Debtors**" or the **"Reorganized Debtors"**) for entry of an order pursuant to sections 350(a) and 502(c) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, closing the Debtors' chapter 11 cases; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 57 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §157(b) and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation theron; and good an sufficient cause appearing therefor:

It is hereby ORDERED that:

1. The Motion is granted, as set forth below.

2. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the cases listed on <u>Schedule</u> 1 attached hereto are closed effective as of _____ (the "**Closing Date**"); provided however, that the Court shall retain jurisdiction as is provided in Article XI of the Plan and the entry of this final decree is without prejudice to the rights of any party in interest to seek to reopen these chapter 11 cases for cause shown.

3. For the purposes of calculating U.S. Trustee fees pursuant to 28 U.S.C. §1930(A)(6), disbursements made by Debtors up to the Closing Date will be included in the calculation, and the Debtors will provide the necessary post-confirmation reporting of total disbursements made by Debtors and pay the appropriate quarterly fee by _____. No disbursements made by Debtors after the Closing Date will be included in subsequent calculations, and no minimum quarterly fees will be payable with respect to the chapter 11 cases for periods after the Closing Date.

4. The terms and conditions of this Order will be effective immediately and enforceable upon its entry.

5. This Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: New York, New York
July ___, 2016

_____
United States Bankruptcy Judge

## SCHEDULE 1

## COMPLETED CHAPTER 11 CASES AND DEBTORS

|   | **Case Number** | **Completed Chapter 11 Debtor** |
|---|---|---|
| 1 | 13-13379 | International Foreign Exchange Concepts Holdings, Inc. |
| 2 | 13-13380 | International Foreign Exchange Concepts, L.P. |
| 3 | 13-13446 | FX Concepts, LLC |

**EXHIBIT B**

13-13379-mkv    Doc 483    Filed 06/09/16    Entered 06/09/16 13:00:12    Main Document
Pg 16 of 19

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL FOREIGN EXCHANGE CONCEPTS HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13379 (MKV)<br><br>Jointly Administered |

**CLOSING REPORT IN CHAPTER 11 CASE**

To the best of my knowledge and belief, the following is a breakdown in this case:

FEES AND EXPENSES (from case inception):

$963,313.75    FEE for ATTORNEY for DEBTOR

$1,688,180.85  OTHER PROFESSIONAL FEES and ALL EXPENSES

_____

N/A       TRUSTEE FEE (if applicable)

N/A       FEE for ATTORNEY for TRUSTEE (if applicable)

_____

10% - 100%+   % DIVIDEND PAID/TO BE PAID

____X__   FUTURE DIVIDENDS (check if % of future dividend under plan not yet
           able to be determined)

_____

____X____  INITIAL DISTRIBUTIONS UNDER THE PLAN COMPLETED

____No___  OTHER: (explain)  All distributions under the plan completed
           Affiliate liquidations and disputed claim to be completed

DATE: 6/9/16                         APPLICANT

                                     BY: /s/ Michael Meenan
                                         Michael Meenan

# **EXHIBIT C**

**UNCASHED CHECKS**

| Item # | Payee | Claim/Sched. # | Check # | Date | Amount |
|---|---|---|---|---|---|
| 1. | Canon Financial Services, Inc. | 37 | 1009 | 3/16/15 | $18,705.05 |
| 3. | Bernard Lock KA FAI | Scheduled | 1040 | 3/16/15 | $360.03 |
| 4. | Integrated Technology Systems | Scheduled | 1058 | 3/16/15 | $264.03 |
| 5. | Kangaroo Courier Inc. | Scheduled | 1059 | 3/16/15 | $21.41 |
| 6. | Lim, Shao Chieh | Scheduled | 1065 | 3/16/15 | $103.66 |
| 7. | RD Associates LLC | Scheduled | 1077 | 3/16/15 | $421.88 |
| 8. | RIK Data Solutions | Scheduled | 1081 | 3/16/15 | $1,500.00 |
| 9. | Storage Post Document Storage | 16 | 1087 | 3/16/15 | $2,714.17 |
| 10. | Time Warner Cable | Scheduled | 1094 | 3/16/15 | $383.86 |
| 11. | Time Warner Cable | Scheduled | 1095 | 3/16/15 | $427.52 |
| 12. | Unique Printing & Stationery Co, Inc. | Scheduled | 1099 | 3/16/15 | $65.33 |
| 13. | Verizon | Scheduled | 1100 | 3/16/15 | $1,321.81 |
|  | **TOTAL** |  |  |  | $26,288.72 |